UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VANLINER INSURANCE COMPANY, a/s/o
EAST END TRANSFER AND STORAGE,
INC.; UNITED VAN LINES, LLC; EAST END
TRANSFER AND STORAGE, INC.; and JOHN
NEWSON,

        Plaintiffs,

v.                                                                          Case No. 5:11-cv-122-Oc-10TBS

ABF FREIGHT SYSTEM, INC.; WILLIE L.
PERRY; MAVERICK TRANSPORTATION,
INC.; and RICHARD DYE,

        Defendants,

v.

GREAT WESTERN CASUALTY COMPANY,
a/s/o MAVERICK TRANSPORTATION, INC.;
and MAVERICK TRANSPORTATION, INC.,
Individually,

        Cross-Claim Plaintiffs,

v.

ABF FREIGHT SYSTEM, INC.,

        Cross-Claim Defendant.
_____

## ORDER

Before the court is co-defendants' ABF Freight System, Inc. ("ABF") and Maverick Transportation, Inc.'s ("Maverick") Joint Motion to Compel, filed on September 9, 2011. (Doc. 17.) The plaintiffs did not file a response to the motion. For the following reasons the motion is due to be GRANTED.

## I. FACTS AND BACKGROUND

ABF and Maverick move the court for an order to compel discovery against plaintiffs for failure to respond to requests for production propounded to plaintiffs by the defendants. On March 8, 2011, Maverick issued requests for production to plaintiffs United Van Lines, LLC, Vanliner Insurance Company a/s/o East End Transfer and Storage, Inc., and John Newson asking them to produce documents, photographs, data, and other items relating both to the vehicular accident out of which this case arises and the various plaintiffs' claims for damages. (Defs.' Mot. Ex. A.) On June 8, 2011, ABF issued requests for production to plaintiffs United Van Lines, LLC, East End Transfer and Storage, Inc., and John Newson requesting similar information. (Id. Ex. B.) The plaintiffs have not objected to the requested discovery, they have not sought protective orders nor have they asked for enlargements of time to produce the requested documents.[1]

Counsel for the defendants have repeatedly asked plaintiffs' counsel to respond to the discovery requests and produce the information and the defendants still do not have what they asked for. ABF and Maverick contend, without contradiction, that they are prejudiced by not having the requested information.

## II. ANALYSIS

The object of discovery is to get the facts out on the table so that the parties and

---

[1] Defendants attached e-mail correspondence between defendants' counsel and plaintiffs' counsel as an exhibit to their Motion to Compel. In the most recent e-mail exchange, on August 17, 2011, plaintiffs' counsel informed defendants' counsel that "I have made the request for my clients to provide documents from more than 40 separate categories of documents requested by the two defense counsel. I know it is overdue, but the search and copying process is underway. You should certainly have everything by month's end." (Defs.' Mot. Ex. C at 1.)

the Court understand what is and is not in dispute and they can intelligently apply the law to the operative facts. Discovery is intended to be a cooperative process. When a party fails to engage in discovery our system of justice is thwarted and time and money are unnecessarily expended by the parties, their lawyers and the Court. It has now been more than six months since the plaintiffs received the first request for production and they still have not fulfilled their obligations under Federal Rule of Civil Procedure 34 or come forward with a satisfactory explanation for their misconduct.

Federal Rule of Civil Procedure 37 provides remedies in situations when a party fails to make disclosures or otherwise cooperate in discovery. Rule 37(a)(3)(B)(iv) establishes a procedure for a party to move for an order compelling production or inspection if "a party fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 37(d) provides "on motion" for the imposition of sanctions under these circumstances and if the defendants had unequivocally requested sanctions this Court would have been inclined to award them their attorneys' fees and any other reasonable expenses they incurred in the prosecution of this motion.

Because the plaintiffs have literally had months to produce the requested information, have been aware of the motion to compel and the likely resolution of it since it was filed, and there is a discovery cut-off date in this case, there is no reason why the plaintiffs should require any additional time to fully respond to the defendants' requests for production. (Defs.' Mot. Exs. A & B.)

III. CONCLUSION

ABF and Maverick's Joint Motion to Compel is GRANTED. Each of the plaintiffs

has ten (10) days from the rendition of this Order within to fully comply with both requests for production and if they fail to do so, ABF and Maverick may file motions for any and all sanctions permitted by Rule 37(d).

IT IS SO ORDERED.

DONE and ORDERED in Ocala, Florida on October 4, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record.