UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CASE NO.: 5:11-CV-122-oc-10TBS

VANLINER INSURANCE COMPANY,
*a/s/o* EAST END TRANSFER AND
STORAGE, INC.; UNITED VAN
LINES, LLC; EAST END TRANSFER
AND STORAGE, INC.; and JOHN NEWSON,

    Plaintiffs,

v.

ABF FREIGHT SYSTEM, INC.; WILLIE L.
PERRY; MAVERICK TRANSPORTATION, INC.;
and RICHARD DYE,

    Defendants
_____/

GREAT WESTERN CASUALTY COMPANY, *a/s/o*
MAVERICK TRANSPORTATION, INC.; and
MAVERICK TRANSPORTATION, INC., *Individually*,

    Cross-Claim Plaintiffs,

v.

ABF FREIGHT SYSTEM, INC.,

    Cross-Claim Defendant.
_____/

## DEFENDANTS ABF FREIGHT SYSTEM, INC. AND WILLIE L. PERRY'S MOTION IN LIMINE TO PREVENT OPPOSING PARTIES FROM ARGUING OR OFFERING EVIDENCE SUGGESTING SPOLIATION OF EVIDENCE

**COME NOW** the Defendants, **ABF FREIGHT SYSTEM, INC.** (hereinafter, "**ABF**") and **WILLIE L. PERRY** (hereinafter, "**PERRY**"), by and through undersigned counsel, and pursuant to the applicable Florida and Federal Rules of Civil Procedure, hereby

file their Motion In Limine to Prevent Opposing Parties from Arguing or Offering Evidence Suggesting Spoliation of Evidence on ABF's part, and in support thereof state as follows:

1. On reason and belief, Defendants ABF and PERRY believe that the Plaintiffs and co-Defendant MAVERICK may attempt to offer at trial argument and evidence relating to previous allegations of spoliation of evidence against ABF. Specifically, Defendant MAVERICK had previously sought sanctions and a negative inference jury instruction against ABF [D.E. 31] by alleging that ABF had failed to download and/or save certain ECM (electronic control module) data from its tractor following the accident in question.

2. The Spoliation issue was fully briefed by the parties and oral argument on the matter was held before Magistrate Judge Thomas B. Smith on February 6, 2012. Being fully advised in the premises, the Court issued its Order [D.E. 53] **denying** Maverick's Motion for Sanctions, specifically finding that "…Maverick has failed to demonstrate that the allegedly spoliated evidence was crucial to its case or defense, which is an essential element of the spoliation claim. As such, a negative inference jury instruction at trial would be inappropriate." *Id, page 4*.

3. This Court, therefore, has already ruled on this matter, an any reference, testimony or introduction into evidence from the Plaintiffs or co-Defendant MAVERICK arguing that there was spoliation of evidence or a conspiracy and/or deliberate or negligent destruction of evidence concerning the ECM data download of the ABF tractor following the accident in this case is unwarranted and highly inappropriate. There is no evidence to support such an argument, and if presented to the jury, would be highly prejudicial to the Defendants while offering no probative value. Fed.R.Evid. 401, 402 and 403.

4. Accordingly, the Movants herein request this Honorable Court enter an Order

in Limine preventing counsel for Plaintiffs and counsel for co-Defendant MAVERICK from arguing or presenting evidence relating to the ECM data spoliation issue, and precluding said counsel from referring to data or materials not extracted from the ECM data download of the ABF tractor performed following the accident in this case.

## MEMORANDUM OF LAW

A Motion in Limine, whether made before or during trial, seeks to exclude anticipated prejudicial evidence before the evidence is actually offered. *Luce v. United States*, 469 U.S. 38 (1984); *Bismark v. Lang*, 2006 U.S. Dist. LEXIS 15158 (M.D. Fla. 2006); *Aero Mktg. v. Ballistic Recovery Sys.*, 2005 U.S. Dist. LEXIS 45927 (M.D. Fla. 2005); *Pinchinat v. Graco Children's Prods.*, 2005 U.S. Dist. LEXIS 37181 (M.D. Fla. 2005). Although the Federal Rules of Evidence do not explicitly authorize motions in limine, they form a part of the district court's inherent authority to manage the course of trials. *See Generally Fed.R.Evid. 103(c); see also Ohler v. United States*, 529 U.S. 753 (2000); *Luce*, supra at 41n.4. A district court has a broad discretion to determine the admissibility of evidence under the federal rules. *Sprint Back Splash United Mgmt. Co. v. Mendelsohn*, 128 S.Ct. 1140 (2008); *United States v. Abel*, 469 U.S. 45 (1984); *Lathem v. Department of Children and Youth Servs.*, 172 F.3d 786 (11th Cir. 1999); *Hines v. Brandon Steel Decks, Inc.*, 886 F.2d 299 (11th Cir. 1989), *Cert. Denied*, 503 U.S. 971 (1992).

Rule 4.01 of the Federal Rules of Evidence provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probative or less probative than it would be without the evidence." Relevant evidence is admissible, Fed.R.Evid. 402, although a court may exclude relevant

evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" Fed.R.Evid. 403.

WHEREFORE, Defendants ABF FREIGHT SYSTEM, INC. and WILLIE L. PERRY, pray that the Court grant enter an Order: (1) granting this Motion; and (2) awarding such further relief as the Court may deem just and proper.

## CERTIFICATION

**I HEREBY CERTIFY** that I have conferred with counsel for all other parties represented in this action, and no agreement could be unanimously reached.

Respectfully submitted this __11__ day of **April, 2012**.

/s/Dale J. Spurr
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
Email: edwardn@nicklauslaw.com
**DALE J. SPURR, ESQ.**
Florida Bar No. 057438
Email: dales@nicklauslaw.com
**NICKLAUS & ASSOCIATES, P.A.**
4651 Ponce De Leon Boulevard, Suite 200
Coral Gables, Florida 33146
Telephone: (305) 460-9888
Facsimile: (305) 460-9889
*Attorneys for Defendants ABF & Perry*

CASE NO.: *5:11-CV-122-Oc-10TBS*
Page 5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that this _11_ day of **April, 2012**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Dale J. Spurr
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
Email: edwardn@nicklauslaw.com
**DALE J. SPURR, ESQ.**
Florida Bar No. 057438
Email: dales@nicklauslaw.com
**NICKLAUS & ASSOCIATES, P.A.**
4651 Ponce De Leon Boulevard, Suite 200
Coral Gables, Florida 33146
Telephone: (305) 460-9888
Facsimile: (305) 460-9889
*Attorneys for Defendant, ABF Freight System, Inc. and Willie L. Perry*

## SERVICE LIST

**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No. 38399
Email: edwardn@nicklauslaw.com
**DALE J. SPURR, ESQ.**
Florida Bar No. 057438
Email: dales@nicklauslaw.com
**NICKLAUS & ASSOCIATES, P.A.**
4651 Ponce De Leon Boulevard, Suite 200
Coral Gables, Florida 33146
Telephone: (305) 460-9888
Facsimile: (305) 460-9889
*Attorneys for Defendant, ABF Freight System, Inc. and Willie L. Perry*

**STEPHEN L. BARKER, ESQ.,**
Florida Bar No.: 055357
Email: slb@derreverelaw.com
**DERREVERE, HAWKES, BLACK & COZAD**
2005 Vista Parkway, Suite 210,
West Palm Beach, Florida 33411
Telephone: (561) 684-3222
Facsimile: (561) 640-3050
*Attorney for Plaintiffs*

**ADAM KANTOR, ESQ.**
Florida Bar No. 157643
Email: akantor@bankerlopez.com
**BANKER, LOPEZ, GASSLER**
501 East Kennedy Boulevard
Suite 1500
Tampa, Florida 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066
*Attorneys for Defendants/Cross-Claimants Great West Casualty Company, Maverick Transportation, Inc., and Richard Dye*

**KURT SPENGLER, ESQ.**
Florida Bar No. 717665
Email: kspengler@wickersmith.com
**CHAD LEEPER, ESQ.**
Florida Bar No. 041352
Email: cleeper@wickersmith.com
**WICKER SMITH O'HARA FORD & MCCOY, P.A.**
Post Office Box 2768
Orlando, Florida 32802
Telephone: (407) 317-2024
Facsimile: (407) 649-8118
*Attorneys for Counter-Defendants East End Transfer, United Van Lines, and John Newson*

*Via CM/ECF*